UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey Metzger,

          Plaintiff,

v.

Seterus, Inc. and Federal National
Mortgage Association,

          Defendants.

Case No. 18-cv-2706 (DSD/TNL)

**ORDER**

---

Jonathan L. R. Drewes, Drewes Law, PLLC, 817 Fifth Avenue South, Suite 400, Minneapolis, MN 55404 (for Plaintiff); and

Gregg Barbakoff, Maurice Wutscher LLP, 105 West Madison, Suite 1800, Chicago, IL 60602 and Melissa L.B. Porter, Shapiro and Zielke, LLP, 12550 West Frontage Road, Suite 200, Burnsville, MN 55337 (for Defendants).

---

This matter is before the Court on Defendants' Motion to Withdraw Admissions. (ECF No. 18) and the Joint Motion to Amend Scheduling Order (ECF No. 29). For the reasons set forth below, the Court will grant both motions.

**I.   BACKGROUND**

On September 19, 2018, Plaintiff Jeffrey Metzger filed suit against Defendants Seterus, Inc. and Federal National Mortgage Association, alleging violations of the Fair Debt Collection Practices Act as well as Minnesota state law related to foreclosure advice and redemption rights notices. (ECF No. 1). On March 6, 2019, Metzger served two requests for admissions on Defendants. (ECF No. 20, p. 10). Because Defendants failed to "calendar the response deadline" regarding those requests, they did not respond to them

1

timely. (ECF No. 20, p. 2). As a result, Metzger's requests for admission have been deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3).

Upon realizing their error, Defendants contacted Metzger and asked for a brief extension to respond to the requests for admissions. (ECF No. 20, p. 2). Metzger informed Defendants that he would not consent to the requested extension, but would reconsider once he reviewed certain documents that Defendants would be providing. (ECF No. 20, p. 2). Defendants produced the documents on April 26, 2019. (ECF No. 20, p. 2).

Shortly after making their document production, Defendants contacted Metzger and again asked for an extension of time to respond to the requests for admission. (ECF No. 20, p. 2). Metzger again asked Defendants to wait until he reviewed the document production before filing any motions. (ECF No. 20, p. 2-3). In a follow-up e-mail dated May 1, 2019, Metzger's attorney indicated that "[t]his is a busy time for me" and that it made sense for Defendants not to file any motions until the parties could discuss settlement. (ECF No. 20, p. 3).

On May 23, 2019, following settlement discussions, Defendants sent Metzger an offer that would resolve the case. (ECF No. 20, p. 3). Metzger did not respond to that offer until June 21, 2019. (ECF No. 20, p. 4). Settlement negotiations ultimately proved to be unsuccessful.

Defendants moved to withdraw their responses to Metzger's requests for admissions. Metzger responded to the motion on August 6, 2019. The parties then filed a joint motion to amend the Pretrial Scheduling Order, seeking to extend the fact discovery

2

deadline from September 1, 2019 to December 20, 2019. Having reviewed both motions, the Court has chosen to strike the hearing and decide the matter on the papers.

## II. ANALYSIS

The Court will begin with Defendants' motion to withdraw. The Federal Rules of Civil Procedure permit parties to serve written requests for admission on any other party, provided the request is within the scope of Rule 26(b)(1). Fed. R. Civ. P. 36(a)(1). A party has 30 days to respond to a request for admission. Fed. R. Civ. P. 36(a)(3). Requests not answered during that time are deemed admitted, unless a longer time is stipulated to by the parties or ordered by the Court. *Id*. Matters deemed admitted are "conclusively established" unless the Court permits the admitting party to withdraw or amend their admission. Fed. R. Civ. P. 36(b). The Court must permit a party to withdraw or amend an admission if doing so would "promote the presentation of the merits of the action" and would not cause prejudice to the requesting party." *Id*.

Defendants' motion can be easily resolved. Indeed, in the majority of cases, motions like these usually are resolved by agreement of parties with no Court involvement. Allowing Defendants to withdraw their admissions will facilitate a proper decision on the merits and will not cause any prejudice to Metzger. The extension of the fact discovery deadline, as discussed below, will ensure Metzger has ample time to review the impact the withdrawal of these admissions will have on his case and to pursue any discovery he requires in light of this change in circumstances.

Furthermore, Metzger has provided no compelling reason why this motion should be denied. He claims only that Defendants have exhibited a "continual" disregard for this

3

Court's rules and that certain documents produced in discovery show that the admissions are appropriate. Undoubtedly, Defendants should have conducted themselves more diligently with regards to Metzger's requests for admissions. But to deny their motion on those grounds would be tantamount to the Court imposing a sanction designating certain facts as admitted under Federal Rule of Civil Procedure 37. The Court cannot conclude that Defendants' conduct warrants such a severe sanction.

In addition, the very purpose of Rule 36(b) is to allow the parties to test each other's arguments on their merits. The documents that Metzger references may very well support his claim that the admissions are appropriate. But Defendants may interpret those documents differently, or may argue that those documents must be considered in the context of other discovery obtained through litigation.[1] Those arguments should be considered on the merits at proper proceeding, rather than foreclosed under the facts of this case. For all of these reasons, the Court will grant the motion and permit Defendants to withdraw their admissions.

Finally, the Court is surprised that this issue was not worked out by the parties. In the Court's experience, when a party asks for a brief extension of discovery deadlines as the result of an inadvertent error, most counsel are able to work together to resolve that issue without the intervention of the Court. Metzger dangled the hope of a resolution of this issue to Defendants pending Metzger's review of documents (that have been provided) and settlement negotiations (that have not been fruitful). Such hope turned out to be

---

[1] Metzger is, of course, free to move for relief under Federal Rule of Civil Procedure 37(c)(2) if the documents he relies on later prove those admissions to be true.

illusory. The Court suggests in the future that the parties take caution to reduce or eliminate unnecessary litigation.

The parties have also jointly moved to extend the general discovery deadline in the pretrial scheduling order. When the Court sets deadlines in a pretrial scheduling order, those deadlines may be modified only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). In this case, good cause exists for the proposed modification. Allowing additional time for discovery will mitigate and likely eliminate any prejudice that Metzger would suffer from the Court's granting of Defendants' motion to withdraw their admissions. Furthermore, the proposed modification will not impact any other deadlines in this matter, as the parties will still have ample time to serve and file dispositive motions following the close of fact discovery. The Court will therefore issue a modified pretrial scheduling order extending the date for fact discovery from September 1, 2019 to December 20, 2019, and adjusting the date for motions related to discovery accordingly.

### III. CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Withdraw Admissions (ECF No. 18) is **GRANTED**. Defendants' admissions are hereby withdrawn. **Defendants shall serve revised responses to the requests for admissions within 14 days of the date this Order is filed.**

2. The Joint Motion to Amend Scheduling Order (ECF No. 29) is **GRANTED.** An Amended Pretrial Scheduling Order shall issue.

3. The September 16, 2019 motion hearing is hereby stricken from the Court's calendar.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: September 3, 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Metzger v. Seterus, Inc., et al.*
Case No. 18-cv-2706 (DSD/TNL)